In re STEIN.

(District Court, D. Indiana. May 25, 1899.)

No. 196.

BANKRUPTCY—FINAL DIVIDEND—RIGHTS OF SUBSEQUENTLY PROVING CREDITORS.
    Where the trustee in bankruptcy has collected and reduced to cash all the assets of the estate, and has the same ready for distribution, the estate will be closed, and a final dividend, including the entire fund, will be declared and paid to creditors whose claims have been proved and allowed, notwithstanding the fact that the period of one year from the date of adjudication, within which time creditors may prove their claims, has not yet expired, and creditors proving thereafter will only be entitled to subsequently discovered assets and unclaimed dividends.

In Bankruptcy. On review of decision of referee.

George A. Kurtz and A. D. Harris, for trustee in bankruptcy.

BAKER, District Judge. In this case the referee certified that on May 17, 1899, at 10 o'clock a. m., William B. Wright, trustee of said estate, filed his report of the sale of all property belonging to said estate, showing that he has converted the whole of said estate into money, and now has the funds of said estate on deposit, as provided by law. The trustee now appears with his attorneys, George A. Kurtz and A. D. Harris, and petitions the referee that a final dividend be declared, and that the entire assets of said estate be now distributed among the creditors whose claims have been proved and allowed. It was held by the referee that a portion of said funds sufficient to meet the dividend on claims which are unproven, but which may be filed within one year, should be retained by the trustee until the expiration of one year from the date of the adjudication. Pursuant to Form No. 56, prescribed by the supreme court of the United States (18 Sup. Ct. xlv.), the referee certifies his decision on said question to the judge of this court for his opinion thereon.

The petition in bankruptcy was filed on March 27, 1899. The provisions of Bankruptcy Act, § 57, subd. n, which are cited by

the referee as the basis of his ruling, must be construed with other provisions of the law. Partial dividends are authorized and required within 30 days after the adjudication, if the money of the estate in excess of the amount of claims which have priority, and such claims as have not been, but probably will be, allowed, equals 5 per centum of the claims that are entitled to dividends. The only way in which this can be determined by the referee is by an examination of the schedules of liabilities filed by the bankrupt. Other dividends are required to be declared upon like terms, and as often as the amount of assets equals 10 per centum or more of those claims, and also upon the closing of the estate. Section 65, subds. a, b. It is expressly provided that the rights of creditors who receive partial or final dividends, or in whose favor final dividends shall be declared, shall be unaffected by the proof and allowance of other claims subsequent to the payment or declaration of such dividend; and those subsequently proved and allowed claims are entitled to dividends of an equal amount from the remaining assets, if they are sufficient to pay them, and not otherwise. Section 65, subd. c. It was evidently contemplated by congress that claims might be proved after dividends had been declared and paid, and that creditors who had been negligent in proving their claims should thereupon take their chances of obtaining an equal distribution with those creditors who had been more diligent. It was plainly the intention of the lawmakers that the creditors who proved their claims promptly should not be delayed nor prejudiced by the negligence of other creditors.

Section 47, subd. a, requires trustees "to close up estates as expeditiously as is compatible with the best interests of the parties in interest," under the direction of the court; and the court is required, by section 2, to "close estates whenever it appears that they have been fully administered by approving the accounts and discharging the trustees"; and it is also authorized, by the same section, to "reopen them whenever it appears that they were closed before being fully administered," subject, of course, to those other provisions of the law which have been cited. It is also provided by section 55, subd. f, that "whenever the affairs of the estate are ready to be closed a final meeting of the creditors shall be ordered." It is plain from these provisions of the law that it is the duty of the courts to close estates as soon as practicable. All known creditors have 10 days' notice of the first and of all other meetings of the creditors. An estate cannot be closed without a final meeting of the creditors. Section 55, subd. f. The notices of these meetings are to be given by the referee, and a notice of the declaration and payment of dividends, and of the filing of final accounts by the trustee, are also required to be given by him to all creditors. Section 58, subds. a–c. If, after all these notices, any creditor fails to prove his claim within a year after the adjudication, the law provides that he shall not be permitted to prove it at all. Section 57, subd. n. This provision is not an enlargement of his rights, but in restriction of them. It cannot be reconciled with other provisions of the law, except upon that view of it. He may prove his claim at any time within a year,

and it may be allowed, but the proof and allowance of it must be subject to the other provisions of the law. The proof and allowance of it before the end of the year will 'not entitle him to participate in dividends if the assets have been previously distributed by order of the referee, unless other assets are subsequently discovered, or there are unclaimed dividends, under section 66, subds. a, b. The final settlement or closing of an estate in bankruptcy cannot be delayed when it is ready for the final settlement or closing thereof, and other creditors cannot be kept out of the money which is due them upon their claims in order to furnish the negligent creditor a further opportunity for the proof and allowance of his claim after all the assets of the estate have been converted into money and are ready for distribution. Under the bankruptcy law of March 2, 1867, second and third meetings of the creditors might be held, respectively, three and six months after the adjudication, or earlier, if practicable, and a final distribution might be ordered and made at a third meeting of the creditors, whenever held, excluding from participation therein all creditors who had not then proved their claims. Rev. St. U. S. §§ 5092–5094. A dividend which was ordered and paid at an earlier meeting of the creditors could not be disturbed by the subsequent proof of claims. Id. § 5098. Section 57, subd. n, of the present act, does not make any substantial change in these provisions, except to restrict the proof of claims for any purpose to the period named therein.

The ruling of the referee upon the question certified by him is therefore overruled, and he is directed to proceed with the settlement of the estate in conformity with this opinion.