### In re HOYT & MITCHELL.

(District Court, E. D. North Carolina.  February 10, 1904.)

1. BANKRUPTCY—FUNDS—PAYMENTS BY TRUSTEE—DISALLOWANCE—JUDGMENT.
    Where payments made by a trustee in bankruptcy in violation of the bankruptcy rules were disallowed by the court on affirmance of the report of a special master appointed to pass on the trustee's account, and no appeal was taken therefrom, or petition filed to revise in matter of law the settlement of the estate, for more than a year, the order became final, and could not be set aside or modified on motion.

2. SAME—ORDERS OF COURT—FAILURE TO OBTAIN.
    Where a trustee in bankruptcy made payments in violation of the rules, and without an order of the court therefor, whereupon, on a hearing of his report, such payments were disallowed, the trustee and his bondsmen were liable therefor, notwithstanding the court might have authorized such payments, had the trustee applied for authority to make them.

In Bankruptcy.

For opinion on report of special master, see 119 Fed. 987.

Battle & Mordecai and Grimes & Grimes, for the motion.

Chas. M. Busbee, opposed.

PURNELL, District Judge.  Hoyt & Mitchell, merchants in the town of Washington, N. C., were duly adjudged bankrupts; and, at a meeting of creditors, Angus D. MacLean was elected trustee, and gave bond as required.  On a final dividend sheet, the same was, at the instance of the trustee and creditors, referred to a special master.  The special master filed his report, and, in passing on the same, this court held the trustee was not entitled to the credits allowed in the dividend sheet as personal property exemptions paid by the trustee.  119 Fed. 987.  This decision was rendered January 8, 1903, and no exception was taken thereto.  Over a year has elapsed, and no appeal has been taken or petition filed to superintend and revise in matter of law the settlement of the estate.  This was a final decree.  But if only interlocutory, under section 24b, Bankr. Act July 1, 1898, c. 541, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432], this court could have been reviewed, and, if wrong, set right by the higher tribunal.  The trustee is himself a practicing attorney, member of a firm, both partners learned in the law, and in the proceeding was represented by able counsel.  Ignorance of the law cannot be pleaded.  The liability of the trustee for the amount improperly paid out is therefore res adjudicata.

The court might well stop here, and say no more, but, in view of the argument presented, takes occasion to go further, in answer to at least some of the views of counsel, and to call attention of other trustees to the statute.  Section 47 of the bankrupt act of July 1, 1898, c. 541, 30 Stat. 557 [U. S. Comp. St. 1901, p. 3439], prescribes the duties of trustees, and the following clauses are pertinent in the case at bar, all of which seem to have been ignored by respondent:  Clause 3: "Deposit all moneys received by them in one of the designated depositories."  The funds of this estate were not deposited as required.  Clause 4: "Disburse money only by check or draft on the depository in which it has been deposited."  And clause 11: "Set apart the bankrupt's exemptions and report the items and estimated value thereof to the court as

soon as practicable after their appointment." Other duties are imposed on a trustee by other sections of the act, and by general order 22 of the Supreme Court (18 Sup. Ct. vii). These general orders have the same force as a provision of the statute. They are made under an express delegation of power, both constitutional and statutory. Section 31, Bankr. Act, 30 Stat. 554 [U. S. Comp. St. 1901, p. 3434]. The distribution of funds as provided in clause 4, § 47, above referred to, has been further hedged about by the Supreme Court in rule 29, Gen. Order (18 Sup. Ct. viii). This court, soon after the passage of the act of 1898, adopted and distributed throughout the district rule 10, as follows:

"All funds belonging to bankrupt estates must be deposited in the designated depository [section 47, cl. 3, Bankr. Act], and disbursed only by check or draft drawn on such depository in accordance with dividend sheet prepared by referee and approved by the judge [section 47, cl. 4]. Such checks or drafts must be countersigned as provided by general order 29 of the Supreme Court [18 Sup. Ct. viii]. Depositories and trustees not observing this rule make themselves liable on their bond and to attachment for contempt."

This was done for the information and guidance of referees, trustees, and attorneys of the court. The law is plain, and every effort, including several written and published decisions, has been made to keep parties acting under the bankrupt law out of just such difficulties as respondent has gotten himself into by disregarding the statute and the rules.

This proceeding has been productive of much litigation, which has been gone into in the argument. This litigation has nothing to do with the question before the court, and the court declines to accede to the request to find all the facts. The facts are matters of record, and to restate them would be labor lost. The condition in the prescribed form of bond (form 171) for a trustee is for the faithful performance of duty, and accounting for the funds and effects of the bankrupt estate. This respondent has not done according to the statute, or the rules made in pursuance thereof, and, as heretofore decided, must refund the amount improperly paid out to the estate, by depositing the same in the designated depository of the division of the district in which he resides. The argument based on equitable principles, as will, by an examination of the statute, appear, has no force. Equity aids the statute—does not override or supersede it. Respondent is a quasi officer of the court, elected by the creditors, and as such must obey the orders of the court. The argument that the court would have made the order to pay over the personal property exemption is equally without force. The referee instructed the trustee to allot the personal property exemptions, and, under the Constitution of North Carolina (article 10, § 1), this must be the personal property of the debtor. The referee did not and could not order the trustee to pay over money, especially when that money was not the property of the bankrupts, but was the proceeds of the sale of property involved in pending litigation, in which the trustee was of counsel. This court, which alone could make the order, was not given an opportunity to do so. There was no order, and respondent cannot presume what the court would have done in the premises.