### In re ELDRED.

(District Court, E. D. New York. June 7, 1907.)

BANKRUPTCY—FINAL DIVIDEND—FINAL REPORT—TIME.

Bankr. Act 1898, § 57, subd. "n," c. 541, 30 Stat. 561 [U. S. Comp. St. 1901, p. 3444]; declares that claims shall not be proved against a bankrupt after a year from the adjudication, except in the case of litigation, when 90 days additional may be added, and, in the case of infancy or insanity, such persons being entitled to six months additional within which to file claims. Section 65b provides that the first dividend shall be declared within 30 days after adjudication if there are funds sufficient to do so, and that the final dividend shall not be declared within 3 months after the first dividend shall be declared; and subdivision "c" provides that creditors who have received dividends, or in whose favor final dividends have been declared, shall not be affected by proof or allowance of claims subsequent to the date such dividends are declared and paid. *Held* that, where a bankrupt's estate is ready for final dividend, it may be closed at any time after four months from the adjudication, on notice to all persons scheduled or appearing in any way in the proceedings as creditors.

See 152 Fed. 491.

Henry W. Sykes, for trustee.

CHATFIELD, District Judge. In this estate a dividend of 5 per cent. was declared, on October 26, 1906; on January 9, 1907, a second dividend of 5 per cent. was declared; and on April 25, 1907, the trustee filed a final report, showing a balance of $1,268.12. The trustee applied to the referee to have the account settled and a final dividend declared at that time, which application the referee denied, and from that denial an appeal to this court has been taken, requesting that a final meeting of creditors be called and a final dividend declared. The referee based his decision upon the fact that one year from the date of adjudication had not elapsed, and that within that year any creditor could file and prove his claim and be entitled to a share of the final dividend.

By section 57, Bankr. Act July 1, 1898, subd. "n," c. 541, 30 Stat. 561 [U. S. Comp. St. 1901, p. 3444], it is provided that "claims shall not be proved against a bankrupt estate subsequent to one year after the adjudication," except in the case of litigation, when 90 days additional may possibly be added; and in the case of infancy or insanity, a creditor laboring under these disabilities, without notice, may have six months longer within which to file a claim. Section 65b provides that the first dividend shall be declared within 30 days after the adjudication, if the funds are sufficient to do so; that dividends subsequent to the first shall be declared as often as the amount equals 10 per cent. or more, and upon closing the estate, "provided, that the first dividend shall not include more than fifty per centum," etc., "and provided further, that the final dividend shall not be declared within three months after the first dividend shall be declared." Subdivision "c" is as follows:

"The rights of creditors who have received dividends, or in whose favor final dividends have been declared, shall not be affected by the proof and allowance of claims subsequent to the date of such payment or declaration of dividends; but the creditors proving and securing the allowance of such claims shall be paid dividends equal in amount to those already received by the other creditors if the estate equals so much before such other creditors are paid any further dividends."

This question was passed upon in the case of In re Stein (D. C.) 94 Fed. 124, in which it was held that if the estate seemed to have been finally administered a final dividend could be declared and the trustee's report approved within the year after adjudication. This case has been followed in the Southern District of New York, in Re Bell Piano Company, Bankrupt (opinion filed February 5, 1907) 155 Fed. 272. In this opinion the court says:

"To say that the final dividend shall not be declared within three months after the first dividend is declared does in my judgment say by implication that a final dividend may be declared on the expiration of three months from the time of the first dividend."

As the prior provisions of the act have made it necessary to declare a first dividend within 30 days after adjudication, if there are funds sufficient to do so, and as the statute has provided that creditors who are not diligent are permitted only to share in the estate that remains and not to interfere with the funds already divided, it would appear that the court has the power to make a final dividend and to approve of a final report at any time after four months have elapsed subsequent

to adjudication, if the other conditions are present showing the estate to be apparently ready for the final accounting. Such an application should, however, be only upon an order to show cause, or other sufficient notice to all persons scheduled or appearing in any way in the proceedings as creditors, giving them an opportunity not only to know of the dividend, but notifying them that their claims should be proven, or their rights lost.

The order of the referee in this proceeding is modified to this extent, and the matter is sent back to him for action in accordance with this opinion, if he finds that the trustee has completed his duties, with the exception of the final report and distribution, and if the proceedings before the referee have been closed, so far as concerns the interests of all parties who have appeared.