### In re B. A. MONTGOMERY & SON.

(District Court, N. D. Ohio, E. D. February 3, 1927.)

#### No. 10729.

1. **Bankruptcy ⟨⟩274¼—Trustee who exhausts funds of estate in payment of dividends is liable for labor claim duly filed.**

A trustee, who exhausted funds of the estate in payment of dividends to general creditors, declared after due and timely filing of labor claim entitled to priority, of which he had actual notice, *held* chargeable with the amount of such claim.

2. **Bankruptcy ⟨⟩274½—Trustee is chargeable with loss due to his negligence.**

Master in bankruptcy, like executors and administrators, is bound to exercise due diligence, and, if loss or damage results from his failure to do so, his report and accounts may be surcharged.

In Bankruptcy. In the matter of B. A. Montgomery & Son, bankrupt. On review of order of referee. Reversed, and case recommitted.

Ralph Kryder, of Akron, Ohio, for objecting creditor.

Underwood, Carson, Moore & Howes, of Akron, Ohio, for trustee.

WESTENHAVER, District Judge. This cause is before me on petition of W. S. Montgomery to review an order of the referee, entered December 8, 1926, overruling his exception to the trustee's final report and approving the same. The adjudication was entered April 18, 1925. On August 24, 1925, a few days more than four months thereafter, a first dividend was declared to general creditors, amounting in the aggregate to $519.61. No other dividend has been declared. All of the residue has been consumed in paying administration expenses, taxes, and one labor claim, leaving costs and expenses amounting to $65.78 unpaid for want of funds.

The petitioner, W. S. Montgomery, on August 10, 1925, two weeks before the dividend was declared, filed with the referee proof of a labor claim amounting to $300. That this proof was sufficient to establish the claim as one entitled to priority is undisputed. It was so allowed at some date not stated in the referee's certificate except that it was later than when the first dividend was declared and after the trustee had mailed out dividend checks to creditors. The referee certifies that, when transmitting the dividend sheet to the trustee, he sent along a letter saying, "There are a number of labor and tax claims on file and I wish you would examine these so as to determine whether or not you have any objection, and, if you find you have not, I will order them paid." He certifies further that the trustee paid so little attention to this letter that he did not check the labor and tax claims on file, that later the trustee, upon receiving notice of the allowance of petitioner's claim, drew a check in payment of it, and that this check, upon being later presented, was dishonored for want of funds. At the time the check was drawn, the trustee inquired of the bank merely as to the balance in his account, but dividend checks which had previously been sent out, came in later, ahead of the petitioner's check, and exhausted the funds in bank. No other showing of diligence by the trustee is made.

The trustee, on November 15, 1926, filed his final report disclosing the distribution as made to general creditors and the exhaustion of the estate, leaving petitioner's prior claim unpaid. The petitioner excepted to said report, particularly to payments to general creditors, and asked that they be disallowed and an order on the trustee be entered, requiring payment to him. These exceptions were overruled, and the report confirmed, for the reason, as stated by the referee: "That, while I realized an injustice had been done W. S. Montgomery (the petitioner), I was unable to find any adequate remedy, and his attorney could suggest none." The injustice, at least, is obvious. It is not obvious, however, that the petitioner's attorney did not suggest an adequate remedy. I think his suggestion that payments to general creditors should be disallowed and the trustee required to pay his claim is one meriting consideration.

The petitioner, upon the admitted and certified facts, has a claim entitled to priority over general creditors. Proof of his claim in proper form was filed within the time required by law and prior to the declaration and payment of a dividend to creditors. He is only required to file his proof of claim and not required to procure its allowance in order to protect his preferred status. 2 Collier on Bankruptcy (13th Ed.) 1123. Section 64, Bankruptcy Act (Comp. St. § 9648), gave his claim priority, not only over general creditors, but over taxes. See City of Richmond v. Bird, 249 U. S. 174, 39 S. Ct. 186, 63 L. Ed. 543. Yet, not only has $519.61 been paid to general creditors in plain disregard of the bankruptcy law, but also the sum of $185.48 on account of taxes. It would be a grave reflection on the law if, in this situation, the petitioner were without a remedy.

[1] A trustee in bankruptcy is not a mere figure head. He is, not only in name, but in fact, a trustee, and is, moreover, a trustee for pay. His duties and responsibilities are as heavy as those of other trustees, including administrators and executors. Upon election and qualification, title to all the bankrupt's estate passes to him, and he becomes charged with all the duties and responsibilities of a trustee in administering that estate. These duties and responsibilities are not limited merely to collecting assets and converting property into money and bringing it into court, but pertain equally to the payment and distribution to the persons rightly entitled thereto. He represents every one interested in the estate, preferred just as much as general creditors. If in the performance of these duties he violates the law or acts so negligently or carelessly as to inflict loss upon the estate or persons interested therein, he must

answer in damages, according to the principles applicable in like situations to any other trustee or fiduciary.

[2] It has been repeatedly held that trustees in bankruptcy, like executors and administrators, are bound to exercise due diligence, and that, if loss or damage results from failure so to do, their reports and accounts may be surcharged. See 2 Collier, 1146; Matter of Monsarrat, 25 Am. Bankr. R. 821; In re Reinboth (2 C. C. A.) 157 F. 672, 16 L. R. A. (N. S.) 341; In re Kuhn Bros. (7 C. C. A.) 234 F. 277. The question has usually arisen where the estate has suffered loss due to negligence of the trustee in collecting or administering assets, for instance in failing to sue until claims are barred by statute of limitation, or neglecting to pay taxes whereby penalties have accrued. His liability, however, in all such instances, has been rested on the principle that he was a compensated trustee, charged with a duty of exercising due diligence in the performance of his duties and subject to liability, like other trustees, for damages caused by his failure so to do. The principle, therefore, applies equally when, as a result of his negligence in disbursing funds of an estate, damage is inflicted upon one of his cestui que trustents. It is a strong proposition to say that a trustee is not liable if he pays away the entire trust fund to the wrong parties, in violation of law or of his duty. So far as I know, it has never been held that the accounts of an executor or administrator or trustee cannot be surcharged and corrected by disallowing payments to the wrong party in order that the right party may be paid. Assuredly, if a trustee in bankruptcy negligently pays the entire estate to general creditors, leaving unpaid taxes or claims entitled to priority, proof of which has been properly filed, he must accept responsibility for this breach of duty. This is certainly so if the proof has been filed within the time allowed by law and before the dividend has been declared.

In the instant case, the trustee is not, in my opinion, protected because he made these payments pursuant to the declaration of dividends. It does not appear when or upon what order he made payment of taxes, whether before or after the declaration of dividends, or before or after the check was drawn in petitioner's favor. The meeting of creditors for the declaration of this dividend was called for August 18, the first date upon which a final, as distinguished from a first, dividend could be declared. Section 65 (Comp. St. § 9649) provides for the declaration of dividends. These provisions relate only to declaration of dividends in favor of general creditors and do not limit the trustee's obligation to pay taxes, and have also only a limited, if any, application to the trustee's obligation to pay other debts entitled to priority. The section authorizes the payment of a first dividend within 30 days after the adjudication, but only if the money in hand is in excess of the amount necessary to pay debts which have priority and such claims as have not been but probably will be allowed equal 5 per cent. or more of the allowed claims. It is in this situation and on these conditions that the section protects the trustee as against claims which have not been proved. It has also been held that a single dividend in the nature of a final dividend may be declared after four months, without the previous declaration of a first dividend. See In re Stein (D. C.) 94 F. 124; In re Eldred (D. C.) 155 F. 686; In re Bell Piano Co. (D. C.) 155 F. 272; In re Henry Siegel Co. (D. C.) 216 F. 943; Collier pp. 1493–1495.

These provisions are not effective to bar the petitioner. Nor, under the facts certified, do they protect the trustee in making payment of the money to the wrong party. In the first place, the statute limits the right to declare dividends to the residue of money left after deducting an amount necessary to pay debts which have priority. This limitation applies as well to a final dividend closing the estate as to a first dividend. In the matter of taxes, the obligation is mandatory on the trustee to pay the same, whether proved or not. In this respect, a mandatory duty is imposed on the trustee to investigate and find out whether there are outstanding and unpaid taxes. As regards labor claims having priority, it may be conceded that the trustee is charged with no active duty of inquiry and would not be negligent if he pays in accordance with the declaration of a dividend without notice or knowledge of any such outstanding claim. Section 57e (Comp. St. § 9641) provides for filing proof of a claim having priority. An active duty of filing such proof would seem to rest upon such a claimant. It may be conceded, therefore, that a labor claim, proof of which has not been filed, is barred by the provisions of section 65c (Comp. St. § 9649), and in that event such a claimant, unlike taxes, must look for payment to the funds retained and yet to come in. But when, as in this case, the claimant has done all that the law requires, and has filed proof of his claim in the manner and within the time required by law, his claim takes precedence over the right to declare and pay divi-

dends. In that situation, the mandatory provisions of the law cannot be overridden.

The trustee cannot, in my opinion, shift his duty to see that the bankrupt estate is distributed to the right parties, off his shoulders and over to the referee, and assert immunity because the referee has made an order of distribution to general creditors. This statement is not to be taken without qualification. There may be situations in which the referee's order will protect him and oblige the prior claimant whose debt has been overlooked, to resort to an order against the parties receiving the money. The scope and limitations of the principles stated do not require to be closely examined in this case. Here it appears that proper proof of the petitioner's labor claim had been filed before the dividend was declared. It was the duty of the trustee to keep himself informed of what the record disclosed as to proven claims entitled to priority as well as with respect to unpaid taxes. He cannot be heard to say that he relied upon the referee or some one of the referee's clerks and was misled. In this case the referee called the trustee's attention to the fact that there were unpaid taxes and labor claims at the time the dividend sheet was transmitted. Any degree of diligence, however slight, would have required the trustee to inform himself of the amount thereof and not to have drawn and sent out dividend checks except after first assuring himself that enough money had been reserved to care for all claims entitled to priority. In not doing so, and in paying away money to the wrong party, the trustee was negligent, and must, if need be, suffer the loss rather than the petitioner.

My conclusion is that the order of the referee must be reversed. The exceptions of the petitioner to the trustee's report must be sustained. Upon the facts as they now appear, the petitioner is entitled to a decree against the trustee for the face of his claim. Instead, however, of entering such an order, the case will be remanded to the referee to proceed further in conformity to the principles herein stated. There is a hint in the record that the petitioner's claim was improperly allowed as a labor claim. It is yet within the jurisdiction of the referee to re-examine that question. Section 57k (Comp. St. § 9641). Moreover, if a decree goes against the trustee, he may be entitled to a decree over against the general creditors. In the latter event, there may be circumstances requiring them to respond in a different order. For these and other reasons it is deemed best not to enter a final decree here, but to remand all matters for further disposition in accordance with this memorandum. The petitioner will recover costs on this review.