## CITY OF RICHMOND *v.* BIRD ET AL.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE
FOURTH CIRCUIT.

No. 195. Argued January 28, 29, 1919.—Decided March 3, 1919.

Under the law of Virginia and the charter of the City of Richmond,
the city's claim for delinquent taxes on personal property, unsupported by distraint, is no better than the claim of a general creditor
and is inferior to a landlord's lien secured by levy of a distress warrant. P. 177.

Section 64a of the Bankruptcy Act, in directing payment of taxes before
dividends to creditors, means general creditors; when by the local
law a lien for a private debt is superior to a claim for taxes, its status
is preserved by § 67d (as it was before 1910), if the lien was given or
accepted in good faith and not in fraud of the act, for a present
consideration. *Id.*

240 Fed. Rep. 545, affirmed.

The case is stated in the opinion.

*Mr. George Wayne Anderson* for petitioner.

*Mr. James E. Cannon,* with whom *Mr. Samuel A. Anderson* was on the brief, for respondents.

Mr. Justice McReynolds delivered the opinion of the court.

November 4, 1909, the Chancery Court at Richmond upon petition filed the preceding day appointed a receiver for the Ainslie Carriage Company; February 3, 1910, the company was adjudged bankrupt in involuntary proceedings instituted November 6, 1909. At time of receiver's appointment taxes assessed upon the bankrupt's personal property for the years 1907, 1908 and 1909 were due the

City of Richmond for which it had not distrained, al-
though having authority so to do. Respondents, land-
lords of the bankrupt, under express statutory authority,
levied a distress warrant November 1, 1909, upon its
goods and chattels on account of rent due for the period
since April 1, 1908. The question is whether their claim
is entitled to priority of payment over the taxes. The
Circuit Court of Appeals answered in the affirmative.
240 Fed. Rep. 545.

The city, while not disputing that levy of the distress
warrant gave respondents a valid lien, claims priority
under § 64a, Bankruptcy Act—"The court shall order
the trustee to pay all taxes legally due and owing by the
bankrupt to the United States, State, county, district,
or municipality in advance of the payment of dividends
to creditors, and upon filing the receipts of the proper
public officers for such payment he shall be credited with
the amount thereof, and in case any question arises as to
the amount or legality of any such tax the same shall be
heard and determined by the court."

Respondents maintain (1) that their lien, perfected
through distraint, was fully protected by § 67d (as it
read prior to 1910), Bankruptcy Act—"Liens given or
accepted in good faith and not in contemplation of or in
fraud upon this Act, and for a present consideration,
which have been recorded according to law, if record
thereof was necessary in order to impart notice, shall not
be affected by this Act." And (2) that under Virginia
law such a lien is superior to the inchoate one which the
city had for unpaid taxes but neglected to perfect by exer-
cising its summary power to distrain therefor after Sep-
tember first in year for which levied.

It is not denied that respondents obtained a present,
valid lien upon the bankrupt's goods and chattels dis-
trained November 1, 1909; nor is it now claimed this
was annulled by adjudication of bankruptcy. That the

City of Richmond had no lien for past due taxes upon these goods and chattels when the Chancery Court receiver took possession, we think must be regarded as settled by *Jackson Coal Co.* v. *Phillips Line,* 114 Virginia, 40 (1912), and this notwithstanding differences between its charter and that of Petersburg. The Supreme Court of Virginia there said (pp. 49, 50):

"With respect to that part of the decree appealed from, which directed the payment of taxes due from the Phillips Line, and its predecessor in title, to the State of Virginia and the city of Petersburg, out of the fund under the control of the court, and giving the taxes priority of payment over the creditors of the receivers, the court erred, except as to the taxes for the year 1910. The property upon which these taxes were assessed was wholly personal, and no effort appears to have been made, certainly as to the years prior to 1910, either by the Auditor of the State or by the city of Petersburg, to collect the taxes until the property was placed in the hands of the receivers in this cause and an account of debts against the Phillips Line ordered. The State had a right under sections 604–623·of the Code, for one year from the date on which the taxes in her favor were assessed, to levy upon the property assessed with the taxes, which right was not exercised; and it appears that the city of Petersburg had a right of distress against the property assessed with taxes in its favor, which the city might have exercised before the taxes were returned delinquent, or the property upon which they were assessed had passed into the hands of subsequent purchasers, and thereby secured a lien therefor, but these rights were never exercised.

"Under these circumstances, neither the State nor the city had a lien upon the property of the Phillips Line when it went into the hands of the receivers for the taxes due them, respectively, and, therefore, the position of the State and city was no better than that of the general

creditors of the company, and they were not entitled to share in the proceeds of sale of the company's property, except as to the amount of taxes due them (the State and the city), respectively, for the year 1910, assessed against and due from the receivers."

Respondents therefore must prevail unless priority over their lien is given by § 64a to claim for taxes which, under state law, occupied no better position than one held by a general creditor. Section 67d, Bankruptcy Act, quoted *supra,* declares that liens given or accepted in good faith and not in contemplation of or in fraud upon this act, shall not be affected by it. Other provisions must, of course, be construed in view of this positive one. Section 64a directs that taxes be paid in advance of dividends to creditors; and "dividend" as commonly used throughout the act means partial payment to general creditors. In § 65b, for example, the word occurs in contrast to payment of debts which have priority. And as the local laws gave no superior right to the city's unsecured claim for taxes we are unable to conclude that Congress intended by § 64a to place it ahead of valid lien holders.

*New Jersey* v. *Anderson,* 203 U. S. 483, is not decisive of any point here contested; it only adjudged that New Jersey's claim was for a tax within the meaning of § 64a and entitled to be treated accordingly. See *New Jersey* v. *Lovell,* 179 Fed. Rep. 321.

The judgment below must be

*Affirmed.*

MR. JUSTICE DAY and MR. JUSTICE CLARKE dissent.