## A. J. OLIVER, AS TRUSTEE, ET AL. v. UNITED STATES.

### CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT.

No. 180. Submitted March 2, 1925.—Decided April 13, 1925.

Under § 64 of the Bankruptcy Act, federal and state taxes are to be paid in full before paying claims for preferred wages, unless it clearly appear that the particular tax in question has been subordinated to such claims by some relevant federal or local law. *City of Richmond* v. *Bird,* 249 U. S. 174.

290 Fed. 160, affirmed.

CERTIORARI to a judgment of the Circuit Court of Appeals which reversed a judgment of the District Court giving wages priority over taxes in a bankruptcy case. See 283 Fed. 351.

*Messrs. Reuben G. Hunt* and *Lewis V. Crowley* for petitioners.

*The Solicitor General* and *Mr. Merrill E. Otis,* Special Assistant to the Attorney General, for the United States.

MR. JUSTICE McREYNOLDS delivered the opinion of the Court.

The bankrupt's estate consisted of personal property only, and there is no suggestion of a lien thereon to se-

cure any of the claims now under consideration. The fund derived from conversion of all the property is insufficient fully to satisfy taxes due the United States and the City and County of San Francisco, and the allowed claims for preferred wages. Which of these must be paid first is the question for decision. The referee ruled in favor of the wages, and the District Court approved; but the Circuit Court of Appeals held to the contrary and directed that priority should be given the taxes.

The Bankruptcy Act of 1898, c. 541, 30 Stat. 544, 563, provides—

" Sec. 64. *Debts which have priority.—a.* The court shall order the trustee to pay all taxes legally due and owing by the bankrupt to the United States, State, county, district, or municipality in advance of the payment of dividends to creditors, and upon filing the receipts of the proper public officers for such payment he shall be credited with the amount thereof, and in case any question arises as to the amount or legality of any such tax the same shall be heard and determined by the court.—*a.*

" *b.* The debts to have priority, except as herein provided, and to be paid in full out of bankrupt estates, and the order of payment shall be (1) the actual and necessary cost of preserving the estate subsequent to filing the petition; (2) the filing fees paid by creditors in involuntary cases; (3) the cost of administration, including the fees and mileage payable to witnesses as now or hereafter provided by the laws of the United States, and one reasonable attorney's fee, for the professional services actually rendered, irrespective of the number of attorneys employed, to the petitioning creditors in involuntary cases, to the bankrupt in involuntary cases while performing the duties herein prescribed, and to the bankrupt in voluntary cases, as the court may allow; (4) wages due to workmen, clerks, or servants which have been earned within three months before the date of the com-

mencement of proceedings not to exceed three hundred dollars to each claimant; and (5) debts owing to any person who by the laws of the States or the United States is entitled to priority."

*Guarantee Co. v. Title Guaranty Co.,* 224 U. S. 152, 159, 160, held that under § 64 wages were entitled to priority over the claim of the United States for damages occasioned by the bankrupt's failure to comply with a construction contract. It was there said—

" By the statute of 1797 (now Sec. 3466) and Sec. 5101 of the Revised Statutes all debts due to the United States were expressly given priority to the wages due any operative, clerk, or house servant. A different order is prescribed by the Act of 1898, and something more. Labor claims are given priority, and it is provided that debts having priority shall be paid in *full*. The only exception is ' taxes legally due and owing by the bankrupt to the United States, State, county, district or municipality. These were civil obligations, not personal conventions, and preference was given to them, but as to debts we must assume a change of purpose in the change of order. And we cannot say that it was inadvertent. The Act takes into consideration, we think, the whole range of indebtedness of the bankrupt—national, State and individual—and assigns the order of payment. The policy which it dictated was beneficent and well might induce a postponement of the claims, even of the sovereign, in favor of those who necessarily depended upon their daily labor. And to give such claims priority could in no case seriously affect the sovereign. To deny them priority would in all cases seriously affect the claimants."

In *City of Richmond v. Bird,* 249 U. S. 174, 177, past due taxes were denied priority of payment over a debt secured by a lien which the state law recognized as superior to the city's claims for such taxes. We said—

" Respondents therefore must prevail unless priority over their lien is given by Sec. 64a to claim for taxes

which, under State law, occupied no better position than one held by a general creditor. Section 67d, Bankruptcy Act, quoted *supra,* declares that liens given or accepted in good faith and not in contemplation of or in fraud upon this Act, shall not be affected by it. Other provisions must, of course, be construed in view of this positive one. Section 64a directs that taxes be paid in advance of dividends to creditors; and ' dividend,' as commonly used throughout the Act, means partial payment to general creditors. In Sec. 65b, for example, the word occurs in contrast to payment of debts which have priority. And as the local laws gave no superior right to the City's unsecured claim for taxes we are unable to conclude that Congress intended by Sec. 64a to place it ahead of valid lien holders."

Of course, this opinion must be read in the light of the question under consideration—Does § 64 require that taxes shall be paid in advance of debts secured by liens which under the local law are superior to claims for such taxes? We pointed out that § 67d preserves valid liens and is not qualified by the direction of § 64a to discharge taxes " in advance of the payment of dividends to creditors," since " ' dividend ', as commonly used throughout the Act, means partial payment to general creditors." We did not undertake to decide in what order, as among themselves, taxes and the debts specified by § 64 should be satisfied; that point was not presented.

The language of § 64 has caused much uncertainty; and widely different views of its true meaning may be found in the opinions of District Courts and Circuit Courts of Appeals.

Paragraph " a " directs that " the court shall order the trustee to pay all taxes legally due and owing . . . in advance of [*not next preceding*] the payment of dividends to creditors "—that is, partial payments to general creditors. *City of Richmond* v. *Bird, supra.* It does not un-

dertake otherwise to fix the precise position which shall be accorded to them. This, we think, must be determined upon consideration of the circumstances of each case and the provisions of relevant federal and local laws—e. g., those which prescribe liens to secure or special priority for tax claims. It also appears, plainly enough, that all debts mentioned in Paragraph " b " must be satisfied before any payment to general creditors.

*Guarantee Co. v. Title Guaranty Co., supra,* declares that the taxes of Paragraph " a " are " civil obligations, not personal conventions, and preference was given to them " over the wages specified by Clause (4), Paragraph " b ". We adhere to this as a correct statement of the general rule to be followed whenever it does not clearly appear that the particular tax has been subordinated to claims for wages by some relevant law.

We find no error in the action of the court below. The cause will be remanded to the District Court for further proceedings consistent with this opinion.

*Affirmed.*