## In re GLOVER CASKET CO.

### No. 4426.

District Court, N. D. Georgia, Rome Division.

Nov. 2, 1932.

Wright & Covington, of Rome, Ga., for tax priorities.

M. B. Eubanks, of Rome, Ga., for wage priorities.

UNDERWOOD, District Judge.

In this case there is a contest for priority between creditors of the bankrupt holding liens for "wages due to workmen * * * earned within three months before the date of the commencement of the proceedings," and the state of Georgia, the county of Floyd, and the city of Rome, holding liens for taxes.

The referee found that "under section 64 of the Bankruptcy Act as amended in 1926 (11 USCA § 104) the labor claims were liens prior to those for taxes," and ordered their payment in advance of the payment of taxes. I concur in this finding and affirm his decision.

It cannot be questioned that the Bankruptcy Act, passed under authority of article 1, § 8, of the Federal Constitution, is the supreme law of the land with respect to its subject-matter, and that Congress had the power to determine the priority of payments out of estates administered under the act.

This I think Congress undertook to do in section 64 of the act as amended (11 USCA § 104).

Congress expressly provided that "all taxes legally due," etc., should be paid by the trustee "in the order of priority as set forth in paragraph (b) hereof"; and paragraph (b) provides: "The debts to have priority, in advance of the payment of dividends to creditors, and to be paid in full out of bankrupt estates, and the order of payment shall be (1) the actual and necessary cost of preserving the estate subsequent to filing the petition; (2) the filing fees paid by creditors in involuntary cases, and, where property of the bankrupt, transferred or concealed by him either before or after the filing of the petition, shall have been recovered for the benefit of the estate of the bankrupt by the efforts and at the expense of one or more creditors, the reasonable expense of such recovery; (3) the cost of administration, including the fees and mileage payable to witnesses as now or hereafter provided by the laws of the United States, and one reasonable attorney's fee, for the professional services actually rendered, irrespective of the number of attorneys employed, to the petitioning creditors in involuntary cases while performing the duties herein prescribed, and to the bankrupt in voluntary and involuntary cases, as the court may allow; (4) where the confirmation of composition terms has been refused or set aside upon the objection and through the efforts and at the expense of one or more creditors, in the discretion of the court, the reasonable expenses of such creditors in opposing such composition; (5) wages due to workmen, clerks, traveling or city salesmen, or servants, which have been earned within three months before the date of the commencement of the proceeding, not to exceed $600 to each claimant; (6) taxes payable under paragraph (a) hereof and (7) debts owing to any person who by the laws of the States, or the United States is entitled to priority: Provided, That the term 'person' as used in this section shall include corporations, the United States and the several States and Territories of the United States."

It will be seen that paragraph (b) lists all liens, called "debts to have priority," and fixes the order of their payment, which places wage liens before tax liens or priorities. By section 64 the trustee must pay taxes, whether made liens by state law or not, in the order named, and "debts owing to any person who by the laws of the States or the United States is entitled to priority" are only to be paid after the tax liens and liens prior thereto, are satisfied.

It seems to me that this is not only the plain meaning of the words used, but also the manifest intention of Congress, expressed in the amendment of 1926, which changed the pre-existing law.

Under the old phraseology of section 64, the United States Supreme Court held that federal and state taxes were to be paid in full before claims for preferred wages, unless it clearly appeared that the particular tax in question had been subordinated to such claims by some relevant deferal or local law. Oliver, Trustee, v. United States, 268 U. S. 1, 45 S. Ct. 386, 69 L. Ed. 817.

After the rendition of this decision, however, and in my opinion to meet the same, Congress passed the amendment of 1926, which changed section 64 so as to make it expressly provide, not as in the old law that the trustee should pay all taxes legally due "in advance of the payment of dividends to creditors," but as appears in the words of the amended section "in the order of priority as set forth in paragraph (b) hereof."

It will be seen that Congress made the very significant change from the words "in advance of the payment of dividends to creditors," to the words "in the order of priority as set forth in paragraph (b) hereof," and paragraph (b) expressly places "wages due to workmen" for preferred wages in advance of payment of taxes "payable under paragraph (a) hereof," and also in advance of debts owing to any persons who were entitled to priority under federal or state laws.

It is also significant that under the old law (Act July 1, 1898, 30 Stat. 563) the only mention of the payment of taxes was in the first part of section 64, which provided that the trustee should pay them "in advance of the payment of dividends to creditors," while in the section as amended in 1926, the phraseology in the first part of the section was not only changed, but a new item was added in the list of priorities set out in paragraph (b), No. 6 thereof, being "taxes payable under paragraph (a) hereof," while the preceding item (5) provides for the payment of wages due to workmen.

The finding of the referee is affirmed.