## In re BALDWIN.
### No. 7829.

District Court, M. D. Pennsylvania.
July 14, 1933.

A. A. Vosburg and A. S. Rosenberg, both of Scranton, Pa., for tax claimants.

Myer Kabatchnick, of Scranton, Pa., for wage claimants.

JOHNSON, District Judge.

The only question raised by this petition for review of the referee's decision is whether, under the provisions of the Bankruptcy Act (11 USCA), priority in payment shall be accorded to taxes, which admittedly are a lien against the property of the bankrupt under the laws of Pennsylvania, over the claims for wages of employees of the bankrupt which were earned within three months before the date of the commencement of the bankruptcy proceedings.

The funds in the hands of the trustee are insufficient to pay taxes and wage claims. The referee in bankruptcy, after carefully considering the question, ordered the payment of the wage claims in full and the balance of the money in the hands of the trustee prorated among the tax claimants.

Counsel representing the tax claimants contends that since the taxes are liens on the bankrupt's real estate they are entitled to the protection afforded other classes of liens by section 67d of the Bankruptcy Act, 11 USCA § 107 (d), and should be paid first out of the proceeds of the sale of the bankrupt's property and should not be paid in the order prescribed by section 64 of the Bankruptcy Act (11 USCA § 104).

Section 67d provides that: "Liens given or accepted in good faith and not in contemplation of or in fraud upon the provisions of this title, and for a present consideration, which have been recorded according to law, if record thereof was necessary in order to impart notice, shall, to the extent of such present consideration only, not be affected by anything herein."

Section 64, since the amendment of 1926 (11 USCA § 104), provides as follows:

"(a) The court shall order the trustee to pay all taxes legally due and owing by the bankrupt to the United States, State, county, district, or municipality, in the order of priority as set forth in paragraph (b) hereof: Provided, That no order shall be made for the payment of a tax assessed against real estate of a bankrupt in excess of the value of the interest of the bankrupt estate therein as determined by the court. Upon filing the receipts of the proper public officers for such payments the trustee shall be credited with the amounts thereof, and in case any question arises as to the amount or legality of any such tax the same shall be heard and determined by the court.

"(b) The debts to have priority, in advance of the payment of dividends to creditors, and to be paid in full out of bankrupt estates, and the order of payment shall be (1) the actual and necessary cost of preserving the estate subsequent to filing the petition; (2) the filing fees paid by creditors in involuntary cases, and, where property of the bankrupt, transferred or concealed by him either before or after the filing of the petition, shall have been recovered for the benefit of the estate of the bankrupt by the efforts and at the expense of one or more creditors, the reasonable expense of such recovery; (3) the cost of administration, including the fees and mileage payable to witnesses as now or hereafter provided by the laws of the United States, and one reasonable attorney's fee, for the professional services actually rendered, irrespective of the number of attorneys employed, to the petitioning creditors in involuntary cases while performing the duties herein prescribed, and to the bankrupt in voluntary and involuntary cases, as the court may allow; (4) where the confirmation of composition terms has been refused or set aside upon the objection and through the efforts and at the expense of one or more creditors, in the discretion of the court, the reasonable expenses of such creditors in oppos-

ing such composition; (5) wages due to workmen, clerks, traveling or city salesmen, or servants, which have been earned within three months before the date of the commencement of the proceeding, not to exceed $600 to each claimant; (6) taxes payable under paragraph (a) hereof and (7) debts owing to any person who by the laws of the States or the United States is entitled to priority: Provided, That the term 'person' as used in this section shall include corporations, the United States and the several States and Territories of the United States."

On the first reading, these two sections appear to present a conflict as to the priority of payment of taxes which have become liens against the bankrupt's property, but in the light of the decisions which led to the changes in section 64 by the amendment of 1926, this conflict is removed.

In 1925, the Supreme Court of the United States, in the case of Oliver v. United States, 268 U. S. 1, 45 S. Ct. 386, 69 L. Ed. 817, held that under section 64 (as it then stood) federal and state taxes are to be paid in full before paying claims for preferred wages, unless it clearly appear that the particular tax in question has been subordinated to such claims by some relevant federal or local law. At the first session of Congress following this decision it passed the amendment of 1926, which, in section 64, did subordinate the payment of all taxes to the payment of preferred wages. There is no doubt that Congress had the power to make this change which it has expressly made.

In the case of City of Richmond v. Bird, 249 U. S. 174, 39 S. Ct. 186, 188, 63 L. Ed. 543, the Supreme Court, in construing these two sections of the Bankruptcy Act before the passage of the amendment of 1926, said: "Other provisions must, of course, be construed in view of this positive one." At that time section 67d was "the positive one"; but since the amendment of 1926 to section 64 makes no distinction between taxes which have become liens and those which have not, section 64 is now the "positive one" and section 67d must be construed in view of section 64 as it now stands.

The question presented here has been carefully considered in the cases of In re Brannon (D. C.) 53 F.(2d) 401; and In re Glover Casket Company (D. C.) 1 F. Supp. 743, 22 A. B. R. (N. S.) 24. The District Courts in both cases have reached the conclusion that wages earned within three months before the date of the commencement of the

bankruptcy proceedings are entitled to priority of payment over liens for taxes and this court holds the same opinion.

And now, July 14, 1933, the petition for review is dismissed, and the opinion and order of the referee are affirmed.