**In re THORNYCROFT, Inc.**

**THORNYCROFT APARTMENTS, Inc., v. STATE TAX COMMISSION.**

No. 305.

Circuit Court of Appeals, Second Circuit.
June 9, 1941.

Boston & Gillis, of New York City (J. F. Gillis, of New York City, of counsel), for appellant.

John J. Bennett, Jr., Atty. Gen. (George F. Mullay and Robert P. Beyer, Asst. Attys. Gen., of counsel), for appellee.

Before SWAN, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

SWAN, Circuit Judge.

The appellant is the new corporation created pursuant to the plan of reorganization to take title to the debtor's property. This consisted of real estate subject to a mortgage, upon which the mortgagee had started foreclosure prior to commencement of the reorganzation proceedings. The mortgagee had also taken possession under a voluntary assignment of rents. By order of January 7, 1935, the District Court continued the debtor in such possession of its property as it then had, and continued the mortgagee in possession of the mortgaged property under said assignment of rents. The value of the mortgaged property was much less than the indebtedness to mortgage bondholders and only they were found to be entitled to participate in the plan of reorganization which the court subsequently confirmed. By order of December 29, 1936, the debtor was directed to convey all its assets to the new corporation, subject, however, among other liabilities not relevant to the present issue, to "all administrative expenses, reorganization expenses and allowances which may be approved and allowed

470

by the court in these proceedings." Pursuant thereto the appellant acquired the debtor's title on January 25, 1937.

The present dispute relates to.franchise taxes for the years 1935 and 1936 imposed upon the debtor by section 182 of the New York Tax Law, Consol.Laws, c. 60. Section 197 declares that each such tax or fee shall be a lien upon the real and personal property of the corporation liable to pay the same but subordinates such lien "to the lien of any mortgage indebtedness existing against real property previous to the time when the tax or fee became a lien." Although the State of New York had filed no claim for franchise taxes for the years 1935 and 1936, and the time for filing such claims in the reorganization proceedings had expired on October 10, 1936, a question was later raised whether the taxes were a cloud upon the appellant's title to its real property. In 1940 the appellant applied in the reorganization proceedings for an order declaring the lien of such taxes null and void. The State of New York appeared in response to an order to show cause, and the matter was referred to a referee in bankruptcy and litigated upon stipulated facts. The referee ruled in favor of the appellant but the District Court reversed on the theory that the franchise taxes for the years in question were to be classified as an expense of reorganization to be paid by the corporation organized for the purpose of carrying out the plan. This court allowed an appeal, as was necessary in view of the small amount at stake.

■ It is not disputed that the debtor incurred liability for franchise taxes during the pendency of its reorganization proceedings. "Dissolution alone can relieve a corporation from liability for the tax." People ex rel. Claire Belle Dresses v. State Tax Comm., 221 App.Div. 471, 474, 224 N.Y. S. 140, 144, affirmed 248 N.Y. 568, 162 N.E. 527; see also New York v. Jersavit, 263 U.S. 493, 496, 44 S.Ct. 167, 68 L.Ed. 405; People v. Hopkins, 2 Cir., 18 F.2d 731. It may also be conceded that the continued existence of the debtor was essential to the reorganization inasmuch as the debtor's title was passed on to the new corporation, and that consequently, the franchise taxes were properly classified as a reorganization expense entitled to be paid ahead of general creditors. See Michigan v. Michigan Trust Co., 286 U.S. 334, 344, 52 S.Ct. 512, 76 L. Ed. 1136. But it does not follow, in our opinion, that as an expense of administra-

tion they are to be given a priority over the mortgage without the consent of the mortgagee. The referee found that the debtor had no assets in its general estate; that the assets of the debtor subject to the lien of the mortgage were not subject to the payment of general administration expenses; and that there were no funds or assets out of which such claims, even if allowed as administration expenses, could be paid. He therefore disallowed the claims. We think this was right. The direction in section 77B, sub. b(3) of the Bankruptcy Act, 11 U.S.C.A. § 207, sub. b(3), that a plan of reorganization "shall provide for the payment in cash of all costs of administration and other allowances made by the court" does not mean that the mortgagee must pay them if there is no cash in the estate, when the state law which creates the costs expressly subordinates them to the mortgage. An analogy may be found in cases construing section 64 of the Bankruptcy Act of 1898, 11 U.S.C.A. § 104, which accorded priority to taxes. City of Richmond v. Bird, 249 U.S. 174, 39 S.Ct. 186, 63 L.Ed. 543; Oliver v. United States, 268 U.S. 1, 45 S.Ct. 386, 69 L.Ed. 817. There it was held that the particular tax in question was not to be paid ahead, if it was subordinated to some other claim by relevant federal or local law. Our conclusion is also supported by the language of 28 U.S. C.A. § 124a, which subjects a receiver or other agent appointed by a federal court to conduct a business to the local taxes applicable to such business "the same as if such business were conducted by an individual or corporation." See Palmer v. Webster & Atlas Nat. Bank, 312 U.S. 156, 61 S.Ct. 542, 85 L.Ed. ——. None of the cases cited by the appellee intimates that a bankruptcy proceeding or receivership has the effect of giving to state taxes a priority over secured claims not accorded them by state law. The opposite conclusion is implicit if not expressed in numerous decisions. See In re Knox-Powell-Stockton Co., 9 Cir., 100 F.2d 979, 982; Miners Savings Bank v. Joyce, 3 Cir., 97 F.2d 973, 977; In re Louisville Storage Co., D.C., W.D.Ky., 21 F.Supp. 897, 899; In re Brannon, 5 Cir., 62 F.2d 959, 961; Seaboard Nat. Bank v. Rogers Milk Products Co., 2 Cir., 21 F.2d 414, 417.

■ There is a second reason also for disallowance of the state's claim for franchise taxes. The time for filing such claims expired October 10, 1936. The court says

nothing as to why the bar was raised more than three years later. In the absence of any showing of excuse we think the claim was presented too late for allowance, even though the estate had not been formally closed.

Order reversed.