### KELBY et al. v. PRUDENCE-BONDS CORPORATION et al.

#### No. 207.

Circuit Court of Appeals, Second Circuit.

Jan. 27, 1944.

Root, Clark, Buckner & Ballantine, of New York City (William P. Palmer and Owen D. Nee, both of New York City, of counsel), for Reconstruction Finance Corporation, appellant.

Charles M. McCarty, of New York City, for appellees.

Before SWAN, CLARK, and FRANK, Circuit Judges.

PER CURIAM.

This appeal brings up for review two orders entered in the reorganization proceedings of Prudence Bonds Corporation, whose petition under § 77B, Bankr.Act, 11 U.S.C.A. § 207, was filed in June 1934. Confirmation of the plans of reorganization was entered in January 1938. In April 1943 the appellants filed a petition asking for an order directing the new Prudence Bonds Corporation and City Bank Farmers Trust Company, successor trustee of the Eighth Series of the Debtor's bonds, to pay to First Madison Corporation, or to the other petitioners as successors in interest, the sum of $12,436.-01 plus interest. This sum is claimed to represent advances made by First Madison Corporation in the early part of 1933 in respect of premises covered by a mortgage which constituted part of the securities held by the trustee of the Eighth Series of bonds. The order of June 30, 1943, which is now before us, denied the appellants' petition. Reconstruction Finance Corporation then moved for a reconsideration of such order or, in the alternative, for an amendment of the confirmed plan of reorganization so as to permit payment of the claim. On July 30, 1943 the motion was denied "without prejudice to a separate motion for the alternative relief requested." This is the second order before us.

The experienced trial judge who has had charge of these reorganization proceedings for substantially ten years denied the appellants' claim on two grounds: (1) That no adequate excuse existed for their long delay in presenting it,* and (2) that allowance and payment of the claim would constitute a modification of the confirmed plans which would be both material and adverse to the rights of the bondholders. These were conclusions within his discretion and we see no reason to think that it was not exercised wisely. Order affirmed.

---

* In re Thornycroft, Inc., 2 Cir., 120 F. 2d 469, 470.