

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

August 26, 2013

The Honorable Brandon Creighton
Chair, Select Committee on Federalism
   and Fiscal Responsibility
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-1020

Re: Whether Health & Safety Code section 161.123 is preempted by the Federal Cigarette Labeling and Advertising Act or is in violation of the First and Fourteenth Amendments to the United States Constitution (RQ-1120-GA)

Dear Representative Creighton:

Your request concerns section 161.123(a) of the Texas Health and Safety Code, the "Advertising Fee Statute," which provides that "[a] purchaser of advertising is liable for and shall remit to the comptroller a fee that is 10 percent of the gross sales price of any outdoor advertising of cigarettes and tobacco products in this state." TEX. HEALTH & SAFETY CODE ANN. § 161.123(a) (West 2010). You ask (1) whether the Advertising Fee Statute is preempted as it applies to cigarettes under the Federal Cigarette Labeling and Advertising Act (the "FCLAA"); (2) if preempted, whether the provision of the Advertising Fee Statute applying to cigarettes is severable from the rest of the statute; and (3) whether the Advertising Fee Statute violates free speech protections under the United States and Texas Constitutions.[1] We address your questions in turn.

A preemption analysis begins "with a presumption that Congress did not preempt state law." *See Graber v. Fuqua*, 279 S.W.3d 608, 611 (Tex. 2009). That is, a state regulation is "'not to be superseded by [a] Federal Act unless that is the clear and manifest purpose of Congress.'" *Lorillard Tobacco Co. v. Reilly*, 533 U.S. 525, 542 (2001) (citation omitted). In that vein, "State action may be foreclosed by express language in a congressional enactment." *Id.* at 541.

Section 1334 of the FCLAA contains express language preempting state regulation of cigarette advertising: "No requirement or prohibition based on smoking and health shall be

---

[1]Letter from Honorable Brandon Creighton, Chair, Select Comm. on Federalism & Fiscal Responsibility, to Honorable Greg Abbott, Tex. Att'y Gen. at 1–2 (Apr. 8, 2013), http://www.texasattorneygeneral.gov/opin ("Request Letter").

imposed under State law with respect to the advertising or promotion of any cigarettes the packages of which are labeled in conformity with the provisions of this chapter." 15 U.S.C.A. § 1334(b) (West 2009); *see id.* § 1333 (West Supp. 2013) (cigarette package labeling requirements).  The United States Supreme Court addressed a question similar to yours concerning the preemption of state cigarette advertising regulations in *Lorillard Tobacco Co. v. Reilly.*  533 U.S. at 540–52.  In analyzing the preemption claims, the Court considered three distinct inquiries arising from the plain language of section 1334(b): whether the state regulations were (1) a "requirement or prohibition," (2) "based on smoking and health," and (3) "with respect to the advertising or promotion" of cigarettes.  *See id.* at 541; 15 U.S.C.A. § 1334(b) (West 2009).

With regard to the first element of the Supreme Court's analysis in *Lorillard,* by providing that the fee "shall" be remitted, the Advertising Fee Statute imposes a "requirement" upon purchasers of outdoor cigarette advertising.  TEX. HEALTH & SAFETY CODE ANN. § 161.123(a) (West 2010); TEX. GOV'T CODE ANN. § 311.016(2) (West 2013).  With regard to the second element, whether the Advertising Fee Statute is "based on smoking and health," the Supreme Court determined that Congress, in using the phrase "based on smoking and health," intended to prohibit "state cigarette advertising regulations *motivated by concerns about* smoking and health."  *Lorillard,* 533 U.S. at 548 (emphasis added).  Like the regulations at issue in *Lorillard,* the Advertising Fee Statute imposes a requirement specifically on purchasers of outdoor cigarette advertising.  The Supreme Court held that such regulations were "inevitably motivated by concerns about smoking and health" because they "expressly target cigarette advertising."  *Id.* at 547, 550.  As for the third element, whether the state regulation is "with respect to the advertising and promotion of cigarettes," the Supreme Court suggested that "with respect to" means the state law must "relate to" or "expressly target" cigarette advertising.  *Id.* at 547.  The Advertising Fee Statute plainly relates to and expressly targets cigarette advertising.  Thus, a court considering a preemption claim against the Advertising Fee Statute could conclude that it is preempted by section 1334(b) as a "requirement . . . based on smoking and health . . . with respect to the advertising or promotion" of cigarettes.  15 U.S.C.A. § 1334(b) (West 2009); *Lorillard,* 533 U.S. at 547–52.

Nevertheless, in court, "the party urging preemption has the difficult burden of overcoming the presumption against preemption."  *Great Dane Trailers, Inc. v. Estate of Wells,* 52 S.W.3d 737, 743 (Tex. 2001) (citing *Silkwood v. Kerr-McGee Corp.,* 464 U.S. 238, 255 (1984)).  Without the benefit of adversarial litigation and the opportunity for all sides to present argument, it is impossible for this office to conclusively determine, for example, what motivated the Legislature to adopt the Advertising Fee Statute.  That determination, which is an important part of preemption analysis, may require the resolution of factual questions, which is

inappropriate for the opinion process.   Therefore, we cannot conclusively determine whether section 1334(b) preempts the Advertising Fee Statute as it applies to cigarettes.[2]

If a court were to conclude that the Advertising Fee Statute is preempted as it applies to cigarettes, you ask if the entire Advertising Fee Statute is preempted.  *See* Request Letter at 2. Whether unconstitutional provisions of a state statute are severable is a matter of state law. *Virginia v. Hicks*, 539 U.S. 113, 121 (2003).   In Texas, an invalid provision is severable "[i]f, when the unconstitutional portion is stricken out, that which remains is complete in itself, and capable of being executed in accordance with the apparent legislative intent, wholly independent of that which was rejected." *Rose v. Doctors Hosp.*, 801 S.W.2d 841, 844 (Tex. 1990); *see also* TEX. GOV'T CODE ANN. § 311.032(c) (West 2013) (governing severability of statutes).

Courts ascertain legislative intent by drawing from the plain language of the statute, using any statutory definitions provided and presuming every word has been deliberately chosen. *Tex. Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 452 (Tex. 2012).  The Advertising Fee Statute applies to the purchase of outdoor advertising of both "cigarettes" and "tobacco products." TEX. HEALTH & SAFETY CODE ANN. § 161.123 (West 2010).   The terms have separate and distinct meanings assigned by sections 154.001 and 155.001, respectively, of the Tax Code.  *Id.* § 161.121(2), (5) (defining the terms pursuant to the Tax Code); TEX. TAX CODE ANN. §§ 154.001(2) (West 2008), 155.001(15).   By listing and defining the two terms separately, the Legislature indicated an intent to distinguish "cigarettes" from all other "tobacco products."  To conclude that they are "essentially and inseparably connected in substance," thus precluding severability, would ignore the Legislature's intent to the contrary.  *See Rose*, 801 S.W.2d at 844. Applied only to non-cigarette tobacco products, the Advertising Fee Statute appears capable of being executed in accordance with legislative intent.   Therefore, if a court concludes that the Advertising Fee Statute is preempted with regard to cigarettes, it would likely find that the remainder of the statute applicable to tobacco products remains enforceable.[3]

Finally, you ask whether the Advertising Fee Statute violates free speech protections under the United States and Texas Constitutions.  Request Letter at 1–2.  The First Amendment to the United States Constitution, made applicable to state governments through operation of the Fourteenth Amendment, provides in relevant part that "Congress shall make no law . . . abridging the freedom of speech . . . ."  U.S. CONST. amend. I; *see Gitlow v. New York*, 268 U.S.

---

[2]The Texas Comptroller of Public Accounts is charged with administering and collecting the advertising fee.  *See* TEX. HEALTH & SAFETY CODE ANN. § 161.123 (West 2010).  We have not received briefing from the Comptroller regarding its position on the issues presented in your request.

[3]No product listed under the definition of "tobacco product," including "cigar," falls within the FCLAA's definition of "cigarette." *Compare* TEX. TAX CODE ANN. § 155.001(2) (West 2008) (defining "cigar"), (15) (listing "cigar" under definition of "tobacco product"), *with* 15 U.S.C.A. § 1332(1) (West 2009) (defining "cigarette"), (7) (defining "little cigar" for purposes of the FCLAA).

652, 666 (1925). Article I, section 8 of the Texas Constitution provides that "no law shall ever be passed curtailing the liberty of speech." TEX. CONST. art. I, § 8. Generally, a court applying Texas law will limit its analysis "to the First Amendment and simply assume that its concerns are congruent with those of article I, section 8" of the Texas Constitution. *Bentley v. Bunton*, 94 S.W.3d 561, 579 (Tex. 2002).

In *Lorillard*, the Supreme Court used the test described in *Central Hudson Gas v. Public Service Commission*, 447 U.S. 557, 562–63 (1980), to analyze the constitutionality of commercial speech regulations related to cigarette advertising. *See Lorillard*, 533 U.S. at 554–56. To satisfy the *Central Hudson* test, a commercial speech regulation must (1) not be misleading and concern a lawful activity, (2) further a substantial governmental interest, (3) directly advance that interest, and (4) not be more extensive than is necessary to serve that interest. *Cent. Hudson*, 447 U.S. at 566.

In court, the state would have the burden of justifying its commercial speech regulation by demonstrating that it satisfies the *Central Hudson* test. *See Sorrell v. IMS Health, Inc.*, 131 S. Ct. 2653, 2667 (2011). In that process, the Advertising Fee Statute should be afforded a presumption of constitutionality. TEX. GOV'T CODE ANN. § 311.021(1) (West 2013) (providing that it is presumed the Legislature intended to comply with state and federal constitutions in enacting a statute). Ultimately, whether the Advertising Fee Statute furthers a substantial government interest, directly advances that interest, and is no more extensive than necessary are issues that can only be resolved by a court of law upon consideration of the arguments and facts presented by the parties to a First Amendment claim. *See Lorillard*, 533 U.S. at 563 ("The degree to which speech is suppressed . . . under a particular regulatory scheme tends to be case specific."). Thus, this office cannot resolve your question regarding the constitutionality of the Advertising Fee Statute.

## S U M M A R Y

This office cannot conclusively determine whether section 1334(b) of the Federal Cigarette Labeling and Advertising Act preempts the Advertising Fee Statute as it applies to cigarettes. If a court concludes that the Advertising Fee Statute is preempted with regard to cigarettes, it would likely find that the remainder of the statute applicable to tobacco products remains enforceable.

Whether the Advertising Fee Statute violates free speech protections under the United States and Texas Constitutions is a fact-intensive question that can only be resolved by a court of law upon consideration of the arguments and facts presented by the parties to a First Amendment claim.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

Stephen L. Tatum, Jr.
Assistant Attorney General, Opinion Committee