### In re AUTOMOTIVES CO.
### No. 7597.

District Court, N. D. Ohio, E. D.
Nov. 14, 1922.

L. W. Ulmer, of Cleveland, Ohio, for trustee.

Dustin, McKeehan, Merrick, Arter & Stewart, of Cleveland, Ohio, for Neighbors Realty Co.

WESTENHAVER, District Judge.

In this proceeding, the Neighbors Realty Company filed an application for an allowance of rent for the months of July and August, 1921, amounting to $1,666.68. The applicant was the owner of the premises occupied by the bankrupt, and the trustee retained the use of these premises during the month of July and part of the month of August. No proof was offered of the reasonable value of the use of the premises during the period the trustee occupied the same, but the allowance is asked at the same rate as was stipulated in the lease to the bankrupt. The referee allowed the full sum of $1,666.68 as a part of the cost of administering the bankrupt estate, but directed its payment only after the prior payment of all other costs and expenses of administration, including commission of the trustee and attorneys' fees for the bankrupt and the trustee.

The Neighbors Realty Company, the applicant, files this petition to review. Its contention is that the reasonable use of these premises was a necessary and actual cost of preserving the estate subsequent to filing the petition in bankruptcy, and hence is entitled to priority under Bankr. Act § 64b (1), 11 USCA § 104 (b) (1). Upon an examination of the Bankruptcy Act and the authorities, I am of opinion that this contention is unsound. The use of the premises was no doubt reasonably convenient, if not necessary, in administering the estate, but this use cannot be regarded as a necessary cost of preserving the estate subsequent to filing the petition. It does not rise to the same level even as storage charges, watchman's services, or insurance premiums.

Much difficulty has been experienced in determining priorities under sections 62 and 64 of the Bankruptcy Act (11 USCA §§ 102, 104). In some jurisdictions it has been held that taxes due the United States, state, county, or district, or municipality, are entitled to priority over the costs and expenses provided for in section 64b (1, 2, and 3), 11 USCA § 104 (b) (1–3). It is now settled law, however, that taxes are to be paid only before dividends to general creditors and in priority to mechanics' and wage-earners' liens, when, by the law of the state, they are given that priority. See City of Richmond v. Bird, 249 U. S. 174, 39 S. Ct. 186, 63 L. Ed. 543; State of New Jersey v. Lovell (C. C. A. 3) 179 F. 321, 31 L. R. A. (N. S.) 988.

What is an actual and necessary cost of preserving an estate subsequent to the filing of the petition within the meaning of section 64b, par. 1, which will take priority over the costs and expenses provided in paragraphs 2 and 3, has not been authoritatively settled. Petitioner's contention, if allowed, would give a claim for the reasonable use of premises occupied by a trustee or receiver after the filing of the petition, priority over the filing fees paid by creditors in involuntary cases,

the reasonable expenses of recovering transferred or concealed property, and the actual disbursements of the referee, receiver, or trustee. Certainly, the use of premises necessary in administering an estate does not, even as a matter of preserving the estate, stand on a higher footing than the filing fees or the expenses of recovering transferred or concealed property or the services of a receiver or trustee in seizing and reducing the property to possession. Unless these latter expenses were incurred, the property could not be preserved for distribution to creditors. Obviously, therefore, the actual and necessary cost of preserving an estate subsequent to filing the petition means an expenditure of such a nature and character that even the the filing fees would have been useless and unnecessary without such expenses of preservation. It is not necessary now to determine what kind of expenditures does come within this definition; it is sufficient to say that the value of the reasonable use of premises during a period of administration by a receiver or trustee is not within that definition.

My conclusion is that the reasonable value of the use of the premises is an ordinary cost of administration. It is therefore to be paid with other costs of administration, under paragraph 3. The referee was right in his conclusion that petitioner's claim should be thus classified, but I am of opinion that he erred in subordinating it to all other costs and expenses of administration. The statute itself does not provide any priority between the several costs of administration. Any power of a court of bankruptcy to create priorities must depend therefor upon the principles of a court of equity. It would seem to me that a bankruptcy court as a court of equity has that power but that it should be confined within the narrowest reasonable limits. My view is that filing fees, reasonable expenses of recovering transferred or concealed property, costs of the referee which are in the nature of necessary court costs, and actual out-of-pocket disbursements of a receiver or trustee may properly be given priority over receivers' or trustees'. commissions or attorneys' fees for the bankrupt, receiver, trustee, and petitioning creditors. Obviously, the referee's clerk hire, his expenses of preparing and sending notices to creditors, making and preserving the record required by law of his proceedings, fees and mileage of witnesses, costs of stenographer in preserving and transcribing the examination of the bankrupt and other witnesses, stand on a higher and different footing and are properly to be classified as court costs. The wheels of justice could not revolve unless these services were performed, and if performed, they should be paid. It seems to me that this is the only priority in the matter of the costs of administration which a court of equity is justified in creating or recognizing.

The order of the referee will for this reason be reversed. The order will also be reversed so far as it allows full two months' rent at the contract rate. The referee should hear evidence and determine how long the trustee made use of the premises in administering the estate and the reasonable value of that use. The cause will be remanded for further proceedings in conformity with this opinion.

An exception is allowed the petitioner.