## In re ALMANARIS MINERAL SPRING CO.

### No. 20175.

District Court, E. D. Wisconsin.

Feb. 6, 1941.

Benjamin Wiener, of Milwaukee, Wis., for petitioner.

DUFFY, District Judge.

This matter comes before the court on a petition by the Humboldt Bottle Company to review an order of the Referee in Bankruptcy, dated September 23, 1940, wherein the Referee determined the priority of certain claims and administration expenses which had been incurred in the above entitled matter.

On February 24, 1939, the Almanaris Mineral Spring Company (hereinafter called "debtor") filed its petition for reorganization under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq. The then incumbent judge of this court on the same date entered an order approving the petition and continuing the debtor in possession. This order among other things provided that the debtor should continue to manage the business and do all necessary things to that end, including buying and selling "for cash or on credit such merchandise or equipment, or the like, required in the operation of the business."

On April 25, 1939, a further order was entered by this court providing that the debtor be continued in possession and that it continue to manage its business "with such additional rights and powers as a receiver in equity would have if appointed by a Court of the United States for the property of the debtor." It was subsequent to this order that the Humboldt Bottle Company (hereinafter called "petitioner") sold certain merchandise to the debtor on credit.

Thereafter the debtor filed a petition asking for a hearing by the court as to whether the debtor should be adjudged a bankrupt or, in the alternative, that the proceedings under Chapter X be dismissed. Such a hearing was duly held, and on November 22, 1939, the debtor was adjudged a bankrupt and the matter referred to the Referee in Bankruptcy.

The Referee determined the priority of the various claims which established the order in which they would be paid by the trustee as follows:

1. Referee's fees and expenses as provided by law.

2. Trustee's fees and receiver's fees as set by statute, including his disbursements and expenses as will be allowed by this court; and including his attorney's fees as will be allowed and fixed by this court. And such compensation to the attorneys for the bankrupt as this court may deem fair and reasonable.

3. Fees to the attorneys for the bankrupt during the period of its operation under the Chapter X proceedings.

4. Wages earned by employees of the bankrupt during its Chapter X operations and within three months prior to the adjudication in bankruptcy.

5. Taxes due to local, state, and federal authorities for the period of the Chapter X operations.

6. Claims of creditors for obligations incurred by the bankrupt during the Chapter X proceedings.

7. Wage claims owing and for the period prior to the initiation of the Chapter X proceedings on the 24th day of February, 1939.

8. Taxes due to local, state, and federal authorities for the period prior to the Chapter X proceedings.

9. Claims due the unsecured creditors existing prior to the 24th day of February, 1939.

The question raised is one of considerable difficulty and is important not only in this case, where the funds are insufficient to pay all the claims with priority, but likewise is important as a precedent.

There are no statutory provisions which establish such priority and there are no decided cases directly in point. A considerable discussion of this question was had at the last annual convention of the Referees in Bankruptcy. Also an interesting article appeared on the subject

in the October, 1940, issue of the Commercial Law League Journal (written by Mr. Rubin G. Hunt of the Los Angeles Bar).

■ The contention of the petitioner is that expenses incurred in carrying on the business while the debtor was operating under Chapter X should be paid prior to any expenses or disbursements in what we may designate as the straight bankruptcy proceeding. In as much as the assets of the debtor were transferred to the trustee in bankruptcy without any lien or other conditions, this contention cannot be sustained. The difficulty is to determine first, whether the expenses and fees concerned in the straight bankruptcy proceeding takes precedence over any similar expenses under Chapter X; and secondly, whether the court has the power as a court in equity to determine as to priority between disbursements incurred in the Chapter X proceedings.

Chapter X does lay down a formula as relates to proceedings that may have been had prior to the filing of the petition for reorganization under Chapter X. Section 257, 11 U.S.C.A. § 657, provides that the trustee under Chapter X, or if a debtor is continued in possession, that the debtor shall become vested with the rights of such prior receiver or trustee and that the trustee or debtor in possession under Chapter X shall have the right to immediate possession of all of the property of the debtor. Section 258, provides that the judge shall make such provision as may be equitable for the protection of the obligations incurred by a receiver or trustee in such prior proceeding, and for the payment of the reasonable costs and expenses incurred therein as may be allowed by the judge.

The petition which was filed in this court which resulted in the order of November 22, 1939, was in the alternative. It was up to this court to determine whether there should be a dismissal of the proceedings or whether there should be an adjudication of bankrupcy. If there had been a dismissal, then Section 259 of the Chandler Act would have applied, because it specifically provides upon any such dismissal that the prior proceeding shall be reinstated and that the judge shall allow the reasonable costs and expenses incurred while the debtor was operating under Chapter X. This section provides further that the judge shall make appropriate provision for the retransfer of such property so that there will be protection of the obligations incurred by the trustee or debtor in possession while operating under Chapter X. But there is no provision in the Act which directly applies where the court, as in this case, decides that an adjudication in bankruptcy is proper, rather than a dismissal.

■ The proceedings concerning the debtor under Chapter X, as well as the proceedings in straight bankruptcy, are all under the provisions of the Bankruptcy Act. It is difficult to assign a good reason why a trustee and his attorney who acted under the direction of this court in a reorganization proceeding under Chapter X should receive no compensation for their services until after all of the fees and disbursements incurred in the straight bankruptcy shall have been paid. This might well result in the officers of this court, appointed under Chapter X, receiving nothing for their services. Undoubtedly if a petition had been filed asking this court to make a determination as to the fees under Chapter X, the property of the debtor could have been turned over to the succeeding trustee in bankruptcy subject to a lien for such fees and expenses. However, no such petition was filed and no such request was made.

■ Although the statute does not provide for any priority between the various items which might be listed under the heading of costs of administration, yet undoubtedly this court as a court in equity could, if necessity arose, determine as to such priorities taking into consideration the situation in the particular case. A similar action was taken In re Automotives Co., D.C., 7 F.Supp. 614; likewise Remington, vol. 6, 4th Ed., § 2651, worked out a suggested order or priority in the old ordinary bankruptcy proceedings.

■ It was the intent of Congress that those rendering services to the debtor under Chapter X should be protected, especially those appointed by the court. It probably was an oversight that specific provision was made therefor by Section 259 in case of a dismissal of the proceedings, and no mention was made of the situation where the debtor is adjudicated bankrupt. In this case, when the property was turned over to the trustee in bankruptcy by the debtor in possession, it was subject to an equitable lien for the payment of such services under Chapter X as

were beneficial to the estate, and which should be considered equitably as on a par with like services rendered in the bankruptcy proceedings.

██ Therefore, the allowances will be made in the following order:

1. Referee's fees and expenses as provided by law.

2. Trustee's fees and receiver's fees and expenses in bankruptcy proceeding; attorneys' fees for receiver and trustee in bankruptcy; and attorney fees for bankrupt during the period of its operation under Chapter X proceedings.

If the assets on hand are not sufficient to pay said fees and disbursements in full, then same should be proportioned ratably. An order will be entered referring to the Referee the matter of fixing fees of the debtor's attorney in the Chapter X proceedings, keeping in mind that only fees for services may be considered which were beneficial in the administration of said estate, plus proper costs and expenses incidental thereto. If after the payment of the foregoing classifications there still are funds on hand, then such balance shall be distributed with the priorities as set forth by the Referee in his order.